IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEYONTAE CORNAIL STINSON,

                            Plaintiff,

    v.                                                 OPINION and ORDER

EDWARD ROTHBAUER and JUSTIN RIBAULT,[1]          20-cv-762-jdp

                            Defendants.

---

      Plaintiff Deyontae Cornail Stinson, appearing pro se, is a prisoner at Columbia Correctional Institution. Stinson alleges that prison medical staff injured him during physical therapy and gave him medication that harmed him. He seeks leave to proceed in forma pauperis with his case, and he has made an initial partial payment of the filing fee as previously directed by the court.

      The next step is for me to screen Stinson's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true, *see Bonte v. U.S Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010), and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the case because Stinson fails to state a claim that can be heard by this federal court.

---

[1] Stinson refers to defendant Rothbauer as "Rothbauer Edward" throughout his complaint, but documents attached to Stinson's complaint show that defendant's name is Edward Rothbauer. *See* Dkt. 3-5. I have amended the caption to reflect defendant's correct name.

ALLEGATIONS OF FACT

Stinson suffers from chronic right knee pain, chronic back pain, and high blood pressure. On January 18, 2018, Stinson was seen by defendant physical therapist Edward Rothbauer[2] Stinson says that Rothbauer either ignored his knee pain at the appointment or concluded that treating his back would help his knee pain. Rothbauer treated Stinson's back pain with a transcutaneous electrical nerve stimulation (TENS) unit, eventually turning it to a high setting. The TENS unit caused Stinson serious burns and blisters on all four spots where the electrodes contacted his skin.

Around the same time, defendant physician Justin Ribault prescribed Stinson ibuprofen for his pain; Stinson took ibuprofen for six days. He says that taking ibuprofen is dangerous for him because it exacerbates his already high blood pressure; when he saw nurses after taking ibuprofen he had elevated blood pressure readings that were even higher than normal for him. Within a couple of weeks, Ribault prescribed him amlodipine, a medication to treat his blood pressure spikes. Ribault also prescribed him pain relief cream that he couldn't use without causing him more pain because of his burns.

ANALYSIS

The problem for Stinson is that this federal court cannot hear every type of case that a plaintiff might wish to bring. *See Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Unless the party invoking federal jurisdiction raises a federal question or establishes complete diversity of citizenship among the parties and an amount in

---

[2] Stinson calls Rothbauer a physician, but treatment documents that he submitted along with his complaint show that Rothbauer is a doctor of physical therapy. Dkt. 3-5.

controversy exceeding $75,000, the court must dismiss the case for lack of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The party invoking federal jurisdiction bears the burden of establishing that jurisdiction is proper. *Smart*, 562 F.3d at 802–03.

Stinson doesn't state a claim under federal law. He contends that defendants Rothbauer and Ribault violated his right to adequate medical care under the Eighth Amendment to the United States Constitution. The Eighth Amendment prohibits prison officials from acting with conscious disregard toward prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). A "serious medical need" is a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Johnson v. Snyder*, 444 F.3d 579, 584–85 (7th Cir. 2006). A medical need is serious if it is life-threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering, significantly affects an individual's daily activities, *Gutierrez v. Peters*, 111 F.3d 1364, 1371–73 (7th Cir. 1997), or otherwise subjects the prisoner to a substantial risk of serious harm, *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). A defendant "consciously disregards" an inmate's need when the defendant knows of and disregards "an excessive risk to an inmate's health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Snipes v. Detella*, 95 F.3d 586, 590 (7th Cir. 1996). However, inadvertent error, negligence, gross negligence, and ordinary malpractice are not cruel and unusual punishment

3

within the meaning of the Eighth Amendment. *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996).

Stinson suggests that defendant Rothbauer disregarded his knee pain at the January 18 appointment, but failing to directly treat his chronic knee pain at a single therapy appointment while he treated his back instead isn't enough to show that Rothbauer consciously disregarded the knee problem. And Stinson doesn't allege that Rothbauer intentionally harmed him with the TENS unit; his allegation that Rothbauer accidentally burned him describes a negligent act that belongs in a state-court medical malpractice case, not an Eighth Amendment case.

Similarly, Stinson alleges that defendant Ribault prescribed him ibuprofen even though he had high blood pressure and pain relief cream for his back that he couldn't use because of the burns and blisters from the TENS unit. Perhaps those prescription decisions were unwise, but they don't show a conscious disregard for Stinson's medical needs, particularly given that Ribault responded to Stinson's complaints about blood pressure spikes by prescribing him other medication to lower his blood pressure. As with his allegations against Rothbauer, Stinson's allegations against Ribault might support a medical malpractice claim, but they don't support an Eighth Amendment claim.

Stinson also fails to establish that this court could exercise diversity jurisdiction over the medical malpractice claim: he states that he and defendants are all Wisconsin citizens. Because the only claims that Stinson may be able to bring in this case are state-law claims, I will dismiss the case for lack of jurisdiction.

ORDER

IT IS ORDERED that this case is DISMISSED. The clerk of court is directed to enter judgment for defendants and close the case.

Entered November 16, 2020.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      JAMES D. PETERSON
                                      District Judge