IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEYONTAE CORNAIL STINSON,

                              Plaintiff,

    v.                                           OPINION and ORDER

EDWARD ROTHBAUER and JUSTIN RIBAULT,          20-cv-762-jdp

                              Defendants.

---

Plaintiff Deyontae Cornail Stinson, appearing pro se, is a prisoner at Columbia Correctional Institution. Stinson alleges that prison medical staff injured him during physical therapy and gave him medication that harmed him. I dismissed this case at screening, stating that Stinson failed to state any federal claims for relief.

Stinson has filed a motion for reconsideration of my order dismissing the case, Dkt. 13, as well as a notice of appeal and motions for leave to proceed in forma pauperis on appeal and to waive the appellate filing fee and initial partial payment of that filing fee, Dkt. 15; Dkt. 19; Dkt. 21; Dkt. 23; Dkt. 25.[1] I'll consider Stinson's motion for reconsideration as one to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Because Stinson properly filed this motion within 28 days of the judgment, this court retains jurisdiction to decide the motion for reconsideration despite his notice of appeal. *See* Fed. R. App. P. 4(a)(4)(B)(i).

I dismissed this case because Stinson failed to state a claim for relief under federal law. His allegations that defendant physical therapist Edward Rothbauer disregarded his knee pain at one appointment and accidentally burned him with a TENS unit and that defendant

---

[1] Stinson has also filed a motion to amend his motion for reconsideration to correct a typographical error in the page numbering of that motion, Dkt. 14. I'll grant that motion.

Dr. Justin Ribault prescribed him inappropriate medications did not support Eighth Amendment medical care claims. Dkt. 11, at 3–4. His allegations could support Wisconsin-law medical malpractice claims, but he stated that all of the parties are Wisconsin citizens, so there was no basis for diversity jurisdiction. *Id.* at 4.

In his Rule 59 motion, Stinson says that he alleged that Rothbauer violated his rights in another way not addressed in the screening order: after Rothbauer had accidentally burned Stinson's back—in a place that Stinson could not see—Rothbauer acted as if nothing had happened and he allowed Stinson to leave the unit not knowing that he had been injured. *See* Dkt. 1, at 4–5. When Stinson later took a shower, he felt severe pain on the injured area and he scraped blood and burnt skin off of his back with a washcloth.

As I stated in my previous order, part of what Stinson must allege to state an Eighth Amendment medical care claim is that Rothbauer consciously disregarded his serious medical need. Upon reconsideration of Stinson's allegations, I conclude that Stinson has alleged enough to raise a reasonable inference that Rothbauer was indeed aware of the burns that the TENS unit had caused Stinson, yet Rothbauer did nothing to treat Stinson or alert him or other medical staff that he had been injured. So I will grant his Rule 59 motion, vacate the judgment, and I will allow him to proceed on an Eighth Amendment claim against Rothbauer for this aspect of his claims.

Because I will allow Stinson to proceed on a federal claim against Rothbauer, he may also proceed under the court's supplemental jurisdiction on his Wisconsin-law medical malpractice claims against Rothbauer for disregarding his knee injury and for burning him with the TENS unit, and his malpractice claims against Dr. Ribault for prescribing him ibuprofen

even though he had high blood pressure and pain relief cream for his back that he couldn't use because of the burns and blisters from the TENS unit.

Stinson's notice of appeal becomes effective upon issuance of this order. Fed. R. App. P. 4(a)(4)(B)(i). Pending resolution of the appeal, I will not issue any further rulings advancing the proceedings in this court, including arranging for service upon defendants. Given my ruling in Stinson's favor on his Rule 59 motion, I will grant his motion for leave to proceed in forma pauperis on appeal. It is possible that the court of appeals will dismiss the appeal in its entirety and waive his appellate filing fee. So for the time being, the court will not notify Stinson's institution of the appellate filing fee or begin collecting any portion of that fee. But I will deny Stinson's motion to waive the fee or initial partial payment altogether: that issue is up to the court of appeals.

ORDER

IT IS ORDERED that:

1. Plaintiff Deyontae Cornail Stinson's motion to amend his motion to alter or amend the judgment, Dkt. 14, is GRANTED.

2. Plaintiff's motion to alter or amend the judgment, Dkt. 13, is GRANTED and the judgment is VACATED.

3. Plaintiff's motions for leave to proceed in forma pauperis with his appeal, Dkt. 21 and Dkt. 25, are GRANTED.

4. Plaintiff's motions to waive the appellate filing fee or initial partial payment of that fee, Dkt. 19 and Dkt. 23, are DENIED.

5. Plaintiff is GRANTED leave to proceed on an Eighth Amendment medical care claim against defendant Edward Rothbauer and on Wisconsin-law medical malpractice claims against defendants Rothbauer and Justin Ribault.

Entered February 23, 2021.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge