IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEYONTAE CORNAIL STINSON,

                          Plaintiff,

  v.

EDWARD ROTHBAUER and JUSTIN RIBAULT,

                          Defendants.

OPINION and ORDER

20-cv-762-jdp

---

      Pro se plaintiff Deyontae Cornail Stinson is incarcerated at Columbia Correctional Institution. He brings an Eighth Amendment medical care claim against defendant Edward Rothbauer and a medical malpractice claim against defendant Justin Ribault. Stinson has filed a document I construe as a motion: (1) to strike affirmative defenses, and (2) for sanctions. Dkt. 35. Stinson has also filed an "objection" to my decision denying his motion to compel discovery, which I will construe to be a motion for reconsideration. Dkt. 49.

      Stinson moves to strike two affirmative defenses asserted in defendants' answer to his complaint: failure to exhaust and failure to comply with Wisconsin's notice-of-claim requirement. Dkt. 35. Under Federal Rule of Civil Procedure 12(f), the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Stinson contends that he complied with the exhaustion and notice-of-claim requirements. To support his contention, he cites to prison grievance records and a notice of claim form that he attached as exhibits to his complaint. *See* exhibits to Dkt. 1.

      I will deny Stinson's motion as unnecessary. Defendants did not move for summary judgment on exhaustion grounds and the deadline to do so passed shortly after Stinson filed his motion to strike. Defendants have now moved for summary judgment on the merits of the

case and do not contend that Stinson failed to comply with Wisconsin's notice-of-claim requirement. It is now almost certain that defendants will not advance either of these affirmative defenses. In the unlikely event that defendants raise exhaustion or notice-of-claim issues before or at trial, Stinson may argue that he has met the requirements at that time.

Stinson moves for sanctions on the basis that defendants' exhaustion and notice-of-claim affirmative defenses were "frivolous," because he submitted evidence with his complaint that he met both requirements. Under Federal Rule of Civil Procedure 11(c), a court may sanction any party that violates Rule 11(b). Rule 11(b) requires all parties to certify that their court filings are not being presented for an improper purpose, are warranted by existing law or a nonfrivolous argument for modifying existing law, and are supported by evidence. It is clear that Rule 11 sanctions are unwarranted. Defendants are not required to accept Stinson's documents as proof that he met the exhaustion and notice-of-claim requirements. Defendants are entitled to plead any relevant affirmative defense and conduct their own review of the issues and evidence in the case. The motion for sanctions will be denied.

Turning to discovery matters, I recently denied Stinson's motion to compel defendants to comply with requests for certain photographs, videos, and medical records. Dkt. 48. I explained in my order that Stinson's motion was not accompanied by a declaration that he in good faith conferred with defendants to resolve the discovery dispute, as required by Federal Rule of Civil Procedure 37. Stinson has filed an "objection" to my ruling, contending that he filed the necessary declaration. Dkt. 49. I will construe Stinson's filing as a motion for reconsideration and deny it for the reason previously stated. It is true that Stinson filed a declaration with his motion. Dkt. 45. But his declaration merely points out various perceived problems with defendants' responses to his discovery requests and includes copies of those

2

discovery responses. It does not contain a statement that Stinson attempted to confer with defendants to resolve the dispute, and Stinson did not submit copies of any communications suggesting that he has done so.

Stinson may renew his motion to compel if he has tried to resolve the dispute with defendants and still has not received the requested materials. In his motion, he must include a declaration that he has attempted a good faith conferral. Stinson's deadline to file his summary judgment opposition brief remains March 14, 2022.

ORDER

IT IS ORDERED that:

1. Plaintiff Deyontae Cornail Stinson's motion to strike, Dkt. 35, is DENIED.
2. Plaintiff's motion for sanctions, Dkt. 35, is DENIED.
3. Plaintiff's motion for reconsideration, Dkt. 49, is DENIED.

Entered March 1, 2022.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge