IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEYONTAE CORNAIL STINSON,

Plaintiff,

v.

EDWARD ROTHBAUER,

Defendant.

OPINION and ORDER

20-cv-762-jdp

---

Pro se plaintiff and prisoner Deyontae Cornail Stinson is proceeding to trial on a claim that defendant Edward Rothbauer violated Stinson's Eighth Amendment rights by allowing Stinson to leave a physical therapy session with burns from an electrical stimulation or "TENS unit" treatment without informing Stinson about the burns or treating them. This case is set for trial beginning with jury selection on August 29, 2022, at 9:00 a.m. The court will hold a final pretrial conference on August 23, 2022, at 1:00 p.m.

Rothbauer filed five motions in limine. Dkt. 85. Stinson did not file any motions in limine or respond to Rothbauer's motions in limine. I will grant Rothbauer's motions in limine in part, as follows:

## 1. Motion in limine 1

Rothbauer moves to exclude arguments, questions, testimony, evidence, or damage requests related to causation of Stinson's injury, permanence, future care and treatment, or future pain and suffering.

The motion is granted in part. Stinson does not have an expert witness, and the extent of Stinson's future injuries are beyond the scope of a lay opinion. So he may not testify about the permanency of his injuries, his future care needs, or his future pain and suffering. But

Stinson may testify about his own perception of his physical health before and after the incident, and he may offer lay testimony based on common sense. This includes testimony about the cause of his burns. It is undisputed that Stinson had burns on his back within an hour of his physical therapy session. The video evidence shows burns at four points forming a square on Stinson's back, and one of Rothbauer's exhibits is a lower-back diagram showing where TENS unit electrodes are placed. Dkt. 83-2. The cause of Stinson's burns is not beyond the scope of a lay person's opinion, so Stinson may offer evidence that the TENS unit caused his injuries.

### 2. Motion in limine 2

Rothbauer moves to exclude references to other lawsuits against the Wisconsin Department of Corrections or its current and former employees. The motion is granted as unopposed and because I do not see why this evidence would be relevant to Stinson's claim.

### 3. Motion in limine 3

Rothbauer moves to exclude references to other legal proceedings involving Rothbauer, other inmates' grievances against him, and his work personnel file. The motion is granted as unopposed and because I do not see why this evidence would be relevant to Stinson's claim.

### 4. Motion in limine 4

Rothbauer moves to exclude reference to the claims dismissed at summary judgment. At summary judgment, I dismissed Stinson's medical negligence claims against: (1) Rothbauer for burning Stinson with the TENS unit and for failing to treat Stinson's knee injury; and (2) Justin Ribault, Stinson's treating physician at the prison, for prescribing Stinson certain pain medications despite unsafe contraindications.

The motion is granted in part. Stinson may not introduce evidence related to Ribault's pain management decisions because that evidence is not relevant to this case. But Stinson's Eighth Amendment claim against Rothbauer overlaps factually with Stinson's now-dismissed medical negligence claim against Rothbauer. Stinson may introduce evidence that explains why he went to physical therapy and what happened during the session. This information provides the context needed to explain the events that gave rise to Stinson's claim. But Stinson's claim is limited to Rothbauer's failure to inform Stinson about his burns or treat the burns after the session, so Stinson may not argue that Rothbauer violated the Eighth Amendment by burning Stinson or by failing to treat Stinson's knee injury.

### 5.  Motion in limine 5

Rothbauer moves to exclude statements made by prison officials in response to an inmate complaint that Stinson filed on January 28, 2020, in which Stinson complained that he was burned during his physical therapy session. Dkt. 85-1. Defendant seeks to exclude statements in the complaint by the inmate complaint examiner and reviewing authority that conclude that Stinson was burned during the physical therapy session.

The motion is granted. Rothbauer is correct that the inmate complaint is inadmissible as hearsay, assuming that Stinson would use it to establish the truth of the statements by the

inmate complaint examiner and the reviewing authority. Fed. R. Evid. 801. Stinson may not use the inmate complaint as evidence that the TENS unit caused his burn, or that he was burned during his physical therapy session with Rothbauer.

Entered August 15, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge